Jessie T. CARTER, Plaintiff–Appellant,

v.

EAST BATON ROUGE PARISH PRIS-
ON; Unknown Moore, Deputy; Un-
known Elginfrisk, Deputy, Defen-
dants–Appellees.

No. 03–30373.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 28, 2003.

Before HIGGINBOTHAM, DAVIS and
PRADO, Circuit Judges.

PER CURIAM.*

Jessie T. Carter, Louisiana state prison-
er # 333544, appeals the district court's
dismissal without prejudice of his 42
U.S.C. § 1983 complaint for failure to ex-
haust his prison administrative remedies.
Carter argues that he attempted to ex-
haust his prison remedies in the East Ba-
ton Rough Parish Prison system, but re-
ceived no response.

The exhaustion requirement applies to
all inmate suits regardless of the forms of
relief sought or the remedies offered by
the administrative procedures. *See Booth
v. Churner*, 532 U.S. 731, 739, 121 S.Ct.
1819, 149 L.Ed.2d 958 (2001). Carter was
therefore required to exhaust his adminis-
trative remedies. *Clifford v. Gibbs*, 298
F.3d 328, 332 (5th Cir.2002).

Although defenses may be available to
the exhaustion requirement, Carter has
failed to assert any valid basis for the
assertion of a defense. *See Days v. John-
son*, 322 F.3d 863, 866 (5th Cir.2003). The
judgment of the district court is AF-
FIRMED. Carter's motion for the ap-
pointment of counsel is DENIED. *See
Ulmer v. Chancellor*, 691 F.2d 209, 212
(5th Cir.1982).

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jaime LOPEZ–FLORES, also known
as Jamie Flores, Defendant–
Appellant.

No. 02–21076.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 29, 2003.

Before JONES, STEWART, and
DENNIS, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

PER CURIAM.*

Jaime Lopez–Flores ("Lopez") was convicted of being unlawfully present in the United States. He appeals the district court's imposition of a $2,000 fine, arguing that the district court erred reversibly by imposing a fine based on his ability to earn money while in prison. Lopez argues that 28 C.F.R. § 345.35(a) prohibits deportable aliens from placement in Federal Prison Industries ("FPI") jobs.

Because Lopez does not argue and has not demonstrated that he is "currently under an order of deportation, exclusion, or removal," he has not shown that he is ineligible for an FPI job assignment under 28 C.F.R. § 345.35(a). The district court's determination that Lopez has the future ability to pay the fine through prison earnings is not clearly erroneous. Moreover, the fact of deportability alone does not prevent the imposition of a fine. *United States v. Thompson*, 227 F.3d 43 (2d Cir. 2000).

Lopez also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Lopez's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule that decision. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, the district court did not err in sentencing Lopez under 8 U.S.C. § 1326(b).

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The judgment of the district court is AFFIRMED.

v.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.